# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEARSON, | ) Case No. CV 08-1423 JSL (JCR) |
| Petitioner, | ) ORDER DISMISSING PETITION WITHOUT PREJUDICE AS A SECOND AND SUCCESSIVE PETITION |
| v. | ) |
| DEBRA DEXTER, Warden, | ) |
| Respondent. | ) |

## I.    PROCEEDINGS

On February 29, 2008, Randy Pearson ("Petitioner"), a state prisoner proceeding *pro se*, filed in this Court the instant "Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254" ("Petition" or "February 29, 2008, Petition"). In this Petition, Petitioner challenges his May 13, 2003, conviction and sentence in the Los Angeles County Superior Court for assault with a firearm.[1] (Pet. at 2.)[2] Petitioner, citing *Cunningham v. California*,

---

[1] Petitioner pleaded guilty to the assault with a firearm charge and was sentenced to a fourteen-year state prison term. (Pet. at 2.)

[2] Because certain attachments to the Petition were numbered sporadically, for ease of reference, the Court inserted page numbers to the Petition, beginning with page one.

127 S. Ct. 856 (2007), presents two grounds for relief in the Petition:

    1.    Petitioner's sentence was illegal because he received the "upper term for both the crime charged and the enhancement"; and

    2.    Petitioner's plea agreement cannot waive the right of a defendant to assert claims involving an illegal sentence.

(Pet. at 5.)

Previously, on July 17, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254" ("July 17, 2006, petition") in the United States District Court for the Central District of California, in case number CV 06-4639-SGL (JCR). Therein, Petitioner also challenged the sentence imposed on May 13, 2003. On December 12, 2007, the district court dismissed the July 17, 2006, petition with prejudice, finding that the petition was barred by the statute of limitations. (*See* December 12, 2007, Judgment, Case No. CV 06-4639-SGL (JCR) at 1).

In the instant case, the Court has screened Petitioner's February 29, 2008, Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons discussed below, the Court concludes that this Petition should be dismissed without prejudice.

## II.   **DISCUSSION**

Title 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed." *Id.* (emphasis added). However, § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a
new rule of constitutional law, made retroactive
to cases on collateral review by the Supreme
Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not
have been discovered previously through the
exercise of due diligence; and (ii) the facts
underlying the claim, if proven and viewed in the
light of the evidence as a whole, would be
sufficient to establish by clear and convincing
evidence that, but for constitutional error, no
reasonable factfinder would have found the
applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Generally, a petition is "second or successive" if it raises
claims that were, or could have been, adjudicated on the merits in a previous
petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).
Moreover, although a dismissal based upon the statute of limitations does not
include an examination of the merits of the underlying substantive claims
presented in a petition, such a dismissal is considered an adjudication on the
merits for purposes of determining whether a subsequent petition is successive
under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-
132, 110 Stat. 1214 ("AEDPA"). *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029
(C.D. Cal. 2003) (*citing Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995), and
*Ellingson v. Burlington N. Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1999)).

Before a second or successive application permitted under 28 U.S.C.
§ 2244 is filed in the district court, the applicant must move in the appropriate
court of appeals for an order authorizing the district court to consider the

- 3 -

application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  *Id.* § 2244(b)(4); *see also Cooper*, 274 F.3d at 1274 (holding that once a petition is recognized as "second or successive" under § 2244(b), a district court lacks jurisdiction to consider the petition absent authorization from the court of appeals) (citations omitted).

Here, as discussed *supra*, Petitioner filed the July 17, 2006, petition approximately one and a half years before he filed the instant Petition.  On December 12, 2007, the district court dismissed the July 17, 2006, petition with prejudice, finding that it was barred by the statute of limitations.  The instant Petition, filed on February 29, 2008, is based on the same plea and sentence as the July 17, 2006,  petition, and presents claims that could have been adjudicated "on the merits" in the prior petition.[3]

Moreover, Petitioner has failed to show that his claims rely on a new rule of constitutional law.  Petitioner contends that the *Cunningham* case, which finds certain aspects of California's sentencing scheme unconstitutional, necessarily means that his sentence, which was entered pursuant to a plea agreement, is invalid.  (Pet. at 5.)  The Supreme Court summarized its holding in *Cunningham* as follows:

> Contrary to the [*People v. Black*, 35 Cal.4th 1238
> (2005)] . . . holding, our decisions from *Apprendi* to
> *Booker* point to the middle term specified in
> California's statutes, not the upper term, as the

---

[3] As discussed *supra*, a dismissal based upon the statute of limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *Reyes*, 276 F. Supp. 2d at 1029.

1    relevant statutory maximum. Because [California's
2    determinate sentencing system] authorizes the judge,
3    not the jury, to find the facts permitting an upper
4    term sentence,[4] the system cannot withstand
5    measurement against our Sixth Amendment
6    precedent.

7    *Cunningham*, 127 S. Ct. at 871. The Court also stated when a trial court finds
8    facts not "inherent in the jury's verdict nor embraced by the defendant's plea," it is
9    a violation of a defendant's right to trial by jury. *Id.* at 860.

10    Here, in contrast to *Cunningham*, Petitioner's conviction and sentence were
11    pursuant to a plea bargain, and Petitioner has failed to allege that the trial judge
12    made any findings of fact that were inconsistent with the facts Petitioner admitted
13    to at his plea hearing.   Thus, there is no evidence before the Court demonstrating
14    that the trial judge or a jury were involved in finding any facts relating to
15    Petitioner's bargained-for sentence. Accordingly, *Cunningham* is inapplicable,
16    Petitioner's contention is without merit, and Petitioner's February 29, 2008,
17    Petition constitutes a "second or successive petition."

18    As a result, Petitioner must obtain Ninth Circuit approval prior to filing the
19    instant Petition. This Court has reviewed its docket as well as the docket for the
20    Ninth Circuit Court of Appeals. Based upon this review, the Court has found no
21    indication that Petitioner has moved in the Ninth Circuit Court of Appeals for an
22    order authorizing the district court to consider a second or successive petition, or
23    that the Ninth Circuit has granted such an order. Therefore, this Court lacks
24    jurisdiction to hear this Petition. *See* 28 U.S.C. § 2244(b)(3); *Cooper*, 274 F.3d at
25    1274 (stating that failure to request the requisite authorization to file a second or
26    successive § 2254 petition from the circuit court deprives the district court of
27    jurisdiction).

28

---

[4] A full discussion of California's determinate sentencing system can be found
in *Black*. *See People v. Black*, 35 Cal.4th 1238, 1246-48 (2005).

1        Accordingly, the instant Petition must be dismissed without prejudice to

2   Petitioner's right to seek the necessary authorization from the Ninth Circuit.

3        IT IS HEREBY ORDERED that Judgment be entered dismissing the

4   Petition without prejudice as a second and successive petition.  The Clerk shall

5   serve copies of this Order and Judgment herein on Petitioner.

6

7   **IT IS SO ORDERED.**

8

9   DATED: ___May 30___, 2008

10

11                                         J. SPENCER LETTS

12                                         United States District Judge

13

14  Presented on May 27, 2008, by:

15

16  JOHN C. RAYBURN, JR.

17  United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28